**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| vs. ) | CRIMINAL NO. 07-00327-KD |
| BOBBY LAW, JR., ) | |
|     Defendant. ) | |

## ORDER

This action is before the Court on the Certificate of Conditional Release certifying that Bobby Law, Jr. has recovered from his mental disease or defect to the extent that he may be conditionally released, the letter setting forth a prescribed regimen of treatment prepared for Law and certified as appropriate by the Warden, and the Risk Assessment Review Report, all from the U.S. Medical Center for Federal Prisoners, Springfield, Missouri. (docs. 48, 52). A hearing pursuant to 18 U.S.C. 4243(f) and 18 U.S.C. § 4247(d) was held on November 18, 2011. Bobby Law, Jr., his counsel Latisha Colvin, and Assistant United States Attorney Michele O'Brien were present for the hearing.

Pursuant to 18 U.S.C. § 4243(a), a person found not guilty only by reason of insanity at the time of the offense shall be committed for treatment until such time as the person is eligible for release. Section 4243(e)(2) provides that the Attorney General shall release the person if the "person's mental condition is such that his release or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would not create a substantial risk of bodily injury to another person or serious damage to property of another".

In that regard, § 4243(f) provides that the "court shall order the discharge of the acquitted person or, on the motion of the attorney for the Government or on its own motion, shall hold a

hearing, conducted pursuant to the provisions of section 4247(d), to determine whether he should be released." 18 U.S.C. § 4243(f). The Section further provides, in relevant part, that upon finding "by the standard specified in subsection [18 U.S.C. § 4243(d)] that the person has recovered from his mental disease or defect to such an extent that-- (2) his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall--

>    (A) order that he be conditionally discharged under a prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for him, that has been certified to the court as appropriate by the director of the facility in which he is committed, and that has been found by the court to be appropriate; and
>
>    (B) order, as an explicit condition of release, that he comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment.

18 U.S.C. § 4243(f).

Section 4243(d), confers the burden of proof on Law to prove by "clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect". 18 U.S.C. § 4243(d). [1]

---

[1] The Section provides that "[i]n a hearing pursuant to subsection (c) of this section, a person found not guilty only by reason of insanity of an offense involving bodily injury to, or serious damage to the property of, another person, or involving a substantial risk of such injury or damage, has the burden of proving by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect."

Law was found not guilty by reason of insanity of two counts of possession of a firearm by a convicted felon. (doc. 46). One of the underlying felony convictions was for armed bank robbery. Thus, Law's offenses involved substantial risk of bodily injury and therefore his burden of proof is that of clear and convincing evidence.

Upon consideration of the Certificate of Conditional Release, the letter setting forth the prescribed regimen of treatment prepared for Law and certified as appropriate by the Warden, the Risk Assessment Review Report, and the evidence produced at the hearing, the Court finds that Law has met his burden of proof and that he "has recovered from his mental disease or defect" to the extent that "his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4243(f)(2).

Accordingly, pursuant to the provisions of 18 U.S.C. § 4243(f)(2)(A)and(B), the Court **ORDERS** that Law shall be conditionally released on the following conditions certified as appropriate by the Warden:

1) That he shall reside at Serenity Care, Inc.,[2] 1951 Dawes Road, Mobile, Alabama 36695. He shall remain at said residence at the direction of the U.S. Probation Officer. Any change from this residence shall be approved by the Probation Office in advance.

2) That he be supervised by U.S. Probation and follow all instructions given by the Supervising Probation Officer.

3) That he actively participate in and cooperate with a regimen of mental health care and psychiatric aftercare as directed by the U.S. Probation Officer and administered by the treating mental health provider. This is to include his voluntary admission to an inpatient basis for stabilization should it be deemed necessary. He shall follow all the rules, regulations, and instructions of the treatment staff and comply with the regimen recommended.

4) That he shall continue to take such medication, including injectable units, as shall be

---

[2] The letter specifically referenced the Gardenia Group Home. However, placement at that facility was no longer available.

prescribed for him by the medical provider.

5) That he waive his rights to confidentiality regarding his mental health treatment in order to allow sharing of information with the supervising U.S. Probation Officer and other mental health treatment providers, who will assist in evaluating his ongoing appropriateness for community placement.

6) That he will refrain from the use of alcohol and illegal drug usage, as well as the abuse of over-the-counter medications, and submit to random urinalysis testing as warranted by treating mental health staff and/or the probation officer.  This also includes participating in substance abuse treatment as deemed necessary.

7) That he not have in his possession at any time actual or imitation firearms or other deadly weapons and he may not write, say or communicate threats.  He shall submit to a warrantless search on request of his U.S. Probation Officer or any law enforcement officer of his person or property for the purpose of determining compliance with this provision and shall permit confiscation of any such contraband.

8) That he not commit a federal, state or local crime, and that he immediately notify his U.S. Probation Officer if he is arrested or questioned by any law enforcement officer.  He shall not associate with any person convicted of a felony unless granted permission to do so from his U.S. Probation Officer.

9) That he is prohibited from operating, possessing, or purchasing a motor vehicle without written permission from his U.S. Probation Officer.

Law is **ORDERED** to comply with the following additional conditions:

10)  That Law shall be subject to electronic monitoring for an initial period of six (6) months.  Any further electronic monitoring shall be at the discretion of the U.S. Probation

Office.

11) That Law shall be on supervised release for a term of four (4) years.

The Court further **ORDERS**, as an explicit condition of release, that Law comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment. 18 U.S.C. § 4243(f)(2)(B).

Law shall remain in the custody of the U.S. Marshal until such time as the U.S. Probation Office has installed Law's electronic monitoring system at Serenity Care, Inc.,

**DONE** and **ORDERED** this 18th day of November, 2011.

        s/ Kristi K. DuBose
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**